IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| KENNETH PARR | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-421 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR OF TDCJ-CID | § | |

**OPINION AND ORDER**

Before the Court is Petitioner Kenneth Parr's "*Emergency* Motion for Stay of Execution"
(Instrument No. 2) and his Application for Writ of Habeas Corpus (Instrument No. 1), both of which
were submitted for filing on August 13, 2007.[1]

Briefly stated, the State of Texas plans to execute Kenneth Parr on August 15, 2007.  Parr
has filed a petition for a writ of habeas corpus raising four claims.  Fed. Writ Pet. at 4-5.  He now
asks this court to stay his impending execution and provide him with an opportunity to litigate his
habeas action.

As an initial matter, as this Court has already considered, and denied, Parr's initial habeas
petition, (*Parr v. Dretke*, Civil Action No. G-03-CV-076 (July 27, 2004), *aff'd*, *Parr v. Quarterman*,
472 F.3d 245 (5th Cir. 2006), *cert. denied*, _ U.S. _, 127 S.Ct. 2974 (2007)), his recent pleading
presumptively falls within the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA")
limitation on successive petitions.  The AEDPA only allows the circuit courts to authorize the filing

---

[1] Petitioner, who is represented by counsel, faxed the two pleadings to the Court Clerk at
approximately 4:30 p.m. on August 13, 2007.  The pleadings were filed on August 14, 2007.

of a successive habeas petition.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one.").

The AEDPA itself does not define "second or successive."  The Fifth Circuit holds that a petition is successive "when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petitioner, or (2) otherwise constitutes an abuse of the writ."  *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).  Though Parr contends that he meets 28 U.S.C. § 2243(b)(2)'s exemption from the Anti-Terrorism and Effective Death Penalty Act's prohibition on successive petitions, the statute seems to place that determination in the circuit courts alone.  *See* 28 U.S.C. § 2243(b)(3).  This Court, therefore, questions whether Parr should first seek circuit court approval before filing a successive federal petition.

Nevertheless, even if this Court can consider his successive petition, Parr must show entitlement to a stay of execution.  The Fifth Circuit has outlined several factors that must be considered in determining whether to grant a stay of execution: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury without the stay; (3) whether the stay would substantially harm the other parties; and (4) whether the stay would serve the public interest.  *See Buxton v. Collins*, 925 F.2d 816, 819 (5th Cir.), *cert. denied*, 498 U.S. 1128 (1991); *Streetman v. Lynaugh*, 835 F.2d 1521, 1524 (5th Cir. 1988).  For the reasons provided below, the Court finds no reason to stay Parr's execution.

I.      **Notice and Presence of Counsel at the Setting of his Execution Date Issues**

Parr complains that he did not have notice nor was counsel present when the State court set his pending execution date.  *See* Tex. Code Crim. Proc. art. 43.141.  Parr's complaint fails for several reasons.  First, federal habeas relief only lies a "violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2254(a).  This Court's role on habeas is not to review the application of state law.  *See Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004) ("[I]n our role as a federal habeas court, we cannot review the correctness of the state habeas court's interpretation of state law.").  This Court "must find constitutional error at the trial or direct review level in order to issue the writ."  *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999). The Supreme Court has found no constitutional right to the assistance of counsel on state habeas corpus review or in other collateral proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Thus, "alleged infirmities in state habeas proceedings are not grounds for habeas relief." *Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005);  *see also Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 534 U.S. 1001 (2001); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.), *cert. denied*, 527 U.S. 1056 (1999); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 518 U.S. 1022 (1996); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992), *cert. denied*, 507 U.S. 1056 (1993).  "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd*, 256 F.3d at 320.  Any broad challenge to the adequacy of post-conviction proceedings, such as the complaint that he received an execution date without notice, when the statute itself does not require notice (Tex. Code Crim. Proc. art. 43.141) or the assistance of counsel, must fail.

Second, Parr seeks to create a new constitutional argument by asserting that the setting of his execution date is equivalent to "sentencing." He, however, shows no Texas state law equating the effectuation of his sentence with the actual sentencing. Parr has likewise not shown any Supreme Court authority that requires the presence of counsel when the already-condemned inmate receives an execution date. Parr's claim requires the creation of new constitutional law and, therefore, must fail under *Teague v. Lane*, 489 U.S. 288 (1989).

Parr cites to *Ellis v. Ellisor*, 239 F.2d 175 (5th Cir. 1956) for the proposition that the Constitution requires the presence of counsel at the setting of an execution date. Parr misapplies that case, which was controlled by a different statute, to the situation before the court. In particular, the Texas statute, providing for the capital sentencing which was in effect at the time of Ellisor's sentencing, read as follows:

> When an appeal is taken from a death penalty, sentence shall not be pronounced, but shall be suspended until the decision of the Court of Criminal Appeals has been received. . . . Upon the affirmance of the judgment by the appellate court, the clerk shall at once send its mandate to the clerk of the Court from which the appeal was taken, there to be duly recorded.

Former Tex. Code Crim. Proc. Art. 42.04. Under that scheme, a Texas death sentence was not rendered until after the direct appeal concluded. Counsel was thus properly required when sentence was pronounced. *Ellis*, 239 F.2d at 175.

The current Texas statute, however, requires the sentence to be imposed immediately after the jury answers Texas' special issue questions. Tex. Code Crim. Proc. art. 37.071 § 2(g) ("If the jury returns an affirmative finding on each issue submitted under Subsection (b) and a negative finding on an issue submitted under Subsection (e)(1), the court shall sentence the defendant to death."). The language of the statute treats sentencing as completed before the initiation of the direct appeal. Tex.

4

Code Crim. Proc. art. 37.071 § 2(h) ("The judgment of conviction and sentence of death shall be subject to automatic review by the Court of Criminal Appeals.")  Texas law now does not consider the setting of an execution date as a continuation of the sentencing hearing.  Tex. Code Crim. Proc. art. 42.04 ("When a defendant is sentenced to death, no date shall be set for the execution of sentence until after the receipt by the clerk of the trial court of the mandate of affirmance of the court of criminal appeals.").  *Ellisor* does not provide a justification for requiring the presence of counsel at the setting of an execution date under Texas' current capital sentencing scheme.

Finally, the Court observes that the writ of habeas corpus can only issue to vacate an inmate's conviction or sentence.  The logical remedy to Parr's complaint would be ordering a new hearing to set a new execution date with the assistance of counsel.  That remedy is beyond the power of this Court to enforce in habeas.  For these reasons, this Court finds that Parr has not shown entitlement to a stay for the claims he now alleges.

## II.    Lethal Injection Issue

Parr claims that Texas' three drug lethal-injection cocktail inflicts unnecessary pain in violation of the Eighth Amendment's cruel and unusual punishment clause.  Throughout the past few years, inmates throughout the country have filed cases challenging different aspects of the lethal injection procedure – often on the eve of their execution – to varying results.  Initially, the Supreme Court left unresolved the legal question of whether a civil rights action or habeas petition served as the appropriate vehicle to bring a method-of-execution challenge.  After the Supreme Court's decision in *Nelson v. Campbell*, 541 U.S. 637 (2004), which held that an inmate could use 42 U.S.C. § 1983 to challenge to the rarely used "cut-down" method of lethal injection, inmates throughout the country began filing section 1983 claims challenging different aspects of the lethal injection procedure

– often on the eve of their execution – to varying results.

Without addressing whether such actions belong in habeas or civil rights law, the Fifth Circuit refused to consider all lethal injection challenges after *Nelson*, holding that capital inmates risk dismissal if they unnecessarily delay in bringing such lawsuits. *See Smith v. Johnson*, 440 F.3d 262, 263 (5th Cir. 2006); *Neville v. Johnson*, 440 F.3d 221, 222 (5th Cir. 2006); *White v. Johnson*, 429 F.3d 572, 574 (5th Cir. 2005); *Harris v. Johnson*, 376 F.3d 414, 416 (5th Cir. 2004).  The Fifth Circuit uniformly refused to stay any execution when the inmate filed his lethal injection challenge after Texas set an execution date, finding that such challenges "seek a delay of [an inmate's] execution, not merely to effect an alteration of the manner in which it is carried out."  *Harris*, 376 F.3d at 418.

In *Hill v. McDonough*, __ U.S. __, 126 S. Ct. 2096 (2006), the Supreme Court recently decided that method-of-execution cases generally sound in civil rights jurisprudence. Parr cannot bring his lethal-injection claim in a habeas lawsuit.  For that reason, this Court must deny relief.

Even if Parr brought this action under 42 U.S.C. § 1983, this Court by no means must stay his impending execution.  The *Hill* decision cautioned that "courts should not tolerate abusive litigation tactics," particularly when suits are "speculative or filed too late in the day."  *Hill*, 126 S. Ct. at  2103.  The Supreme Court noted that "a stay of execution is an equitable remedy . . . and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts."  *Id.* at 2104.  To that end, the Supreme Court approvingly cited the Fifth Circuit's dismissal of tardy lethal injection challenges and reemphasized that "[a] court considering a stay must also apply 'a strong equitable  presumption against the grant of a stay where a claim could have been brought at such a time to allow consideration of the merits

without requiring entry of a stay.'" *Id.* (quoting *Nelson*, 541 U.S. at 650); *see also Reese v. Livingston*, 453 F.3d 289, 291 (5th Cir. 2006) (noting the *Hill* court's approbation of Fifth Circuit precedent); *Nelson v. Campbell*, 541 U.S. 637, 650 (2004) (stating that when "a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay," there is a "strong equitable presumption against the grant of a stay"); *Gomez v. United States Dist. Court for Northern Dist. of Cal.*, 503 U.S. 653, 654 (1992) (noting that the "last-minute nature of an application" or an applicant's "attempts to manipulate" the judicial process may be grounds for denial of a stay). To that end, the Fifth Circuit has refused to stay any execution involving a lethal injection challenge when a capital inmate files his complaint after the State sets an execution date. *See Brown v. Livingston*, 457 F.3d 390, 391 (5th Cir. 2006); *Resendiz v. Livingston*, 454 F.3d 455 (5th Cir. 2006); *Reese v. Livingston*, 453 F.3d 289, 290-91 (5th Cir. 2006); *Smith v. Johnson*, 440 F.3d 262, 263 (5th Cir. 2006); *Neville v. Johnson*, 440 F.3d 221, 222 (5th Cir. 2006); *White*, 429 F.3d at 574; *Harris*, 376 F.3d at 416.[2]

The Fifth Circuit has held that method-of-execution challenges become ripe when an inmate's conviction "became final on direct review," and should be "appropriately filed at any time thereafter and need not await an imminent execution date." *White*, 429 F.3d at 574; *see also Brown*, 457 F.3d at 391; *Smith*, 440 F.3d at 263; *Neville*, 440 F.3d at 222. The Texas Court of Criminal Appeals denied Parr's direct appeal on March 7, 2001 *See Parr v. State*, No. 73,497 (Tex.Crim.App. March

---

[2]The Fifth Circuit has consistently reached similar conclusions in unpublished decisions. *See Dickson v. Livingston*, 2007 WL 1228612 (5th Cir. Apr. 26, 2007); *Pippin v. Quarterman*, 2007 WL 1011639 (5th Cir. Mar. 28, 2007); *Summers v. Texas Dept. of Criminal Justice*, 206 Fed. App'x. 317, 319 (5th Cir. 2006); *Wilson v. Livingston*, 2006 WL 1159270 (5th Cir. May 2, 2006); *Kincy v. Livingston*, 2006 WL 775126 (5th Cir. Mar. 27, 2006); *Hughes v. Livingston*, 2006 WL 637906 (5th Cir. March 14, 2006); *Elizalde v. Livingston*, No. 06-70002 (5th Cir. Jan. 30, 2006).

7, 2001) (unpublished opinion).  According to Fifth Circuit precedent, Parr's lethal injection claim became ripe over six years ago.

The *Harris* case in 2004 raised essentially the same allegations that are now before the Court. *Harris* put inmates on notice that the Fifth Circuit would not countenance any delay in advancing such claims.  *See Harris*, 376 F.3d at 419.  Parr is correct that recent developments have advanced the factual basis supporting his claim.  The essence of his constitutional challenge, however, has been existent since *Harris* and could have been augmented through the normal course of discovery.  Parr has not shown why he could not have filed much earlier.  "It was during that period – in which the execution was not so much an imminent or impending danger as it was an event reasonably likely to occur in the future – that he needed to file this challenge."  *Harris*, 376 F.3d at 418.  The Fifth Circuit's jurisprudence in this area represents a reasoned response to the need to consider a complex issue within time restraints imposed by an inmate's late filing:

> Timely filing would have afforded opportunity for developing facts and considered resolution of the merits of the repeated charges leveled against this method of execution.  Testimony in open court can cast away shadows and allow a principled decision of the merit of the assertions of all concerned – rather than forcing courts to choose between speculative assertions and "just trust me" responses.

*Reese*, 453 F.3d at 291.

Had Parr filed his lethal injection challenge before the eve of his execution, he would have had time to engage in discovery and to uncover the precise details of Texas's execution protocol.  Given his ability to bring this claim much earlier, Parr's recent legal attack is a naked attempt to postpone the execution of his sentence.  The circumstances before this Court do not present a compelling case for the exceptional exercise of equity in Parr's behalf.

8

**III.    Certificate of Appealability**

Even in the case of a successive habeas petition, the Anti-Terrorism and Effective Death Penalty Act requires that inmates receive a Certificate of Appealability ("COA") before seeking appellate review from a lower court's judgment.   28 U.S.C. § 2253(c); *see also Resendiz v. Quarterman,* 454 F.3d 456, 458 (5th Cir. 2006) (requiring a COA before considering the dismissal of a successive petition).   Although Parr has not yet requested that this Court grant him a COA, this Court can consider the issue *sua sponte.   See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).   A court may only issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003)*; Slack v. McDaniel*, 529 U.S. 473, 482 (2000).   Under the appropriate standard, Parr has not shown that this Court should certify any issue for appellate consideration.   This Court denies Parr a COA on all the claims raised by his petition.

<u>CONCLUSION</u>

Accordingly, for all the reasons discussed, it is **ORDERED** that Petitioner's "*Emergency* Motion for Stay of Execution" (Instrument No. 2) and his Application for Writ of Habeas Corpus (Instrument No. 1) are is **DENIED**.   The Court also hereby **DENIES** a Certificate of Appealability.

**IT IS SO ORDERED**.

**DONE** at Galveston, Texas this 14th day of August, 2007.

Samuel B. Kent
United States District Judge